1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Brenda R. Sharton (admitted *pro hac vice*)
**DECHERT LLP**
One International Place,
100 Oliver Street, 40th Floor
Boston, MA 2110-2605
Telephone: (617) 728-7113
Facsimile: (617) 275-8374
Email: brenda.sharton@dechert.com

Benjamin M. Sadun (SBN 287533)
**DECHERT LLP**
633 W. 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760
Email:  benjamin.sadun@dechert.com

*Attorneys for Defendant Prisma Labs, Inc.*

**UNITED STATES DISTRICT COURT**

**NOTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JACK FLORA, ERIC MATSON, NATHAN STONER, COURTNEY OWENS, and D.J., A MINOR CHILD, individually and on behalf of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> PRISMA LABS, INC., <br><br> Defendant. | Civil Action No. 3:23-cv-00680-CRB <br> Judge: Hon. Charles R. Breyer <br><br> **JOINT CASE MANAGEMENT STATEMENT AND 26F REPORT** |

Pursuant to the Court's Order of May 1, 2023 Order (Dkt. 13), Federal Rule of Civil Procedure 26(f), Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Parties submit the following Joint Case Management Statement.

**Jurisdiction and Service**:

*Plaintiffs' Position*: This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(d) & 1367 because: (i) this is a class action in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs; (ii) there are 100 or more class members; and (iii) some members of the class are citizens of states different from the Defendant. There are no issues with respect to personal jurisdiction or venue and all named parties have been served.

*Defendant's Position*: The Court lacks jurisdiction over this dispute given the parties in writing reciprocal agreement that *all* disputes shall be resolved by binding arbitration. *See* ECF No. 21 (Defendant's Motion to Compel Arbitration).

**Facts**:

*Plaintiffs' Position*: Plaintiffs allege that Defendant Prisma Labs, Inc., inappropriately collected their biometric identifiers and/or biometric information, in the form of Plaintiffs' facial geometry, through use of Prisma's "Lensa" app. The Lensa app was first introduced in 2018 but surged in popularity in November of 2022 when it launched a "magic avatar" feature which required users to upload a number of "selfies" or facial images to function. Plaintiffs allege that in the process of creating "magic avatars" for users, Prisma collected the facial geometry associated with the uploaded images. Plaintiffs are individuals who used the Lensa app. Plaintiffs allege that Defendant's collection and storage of Plaintiffs' facial geometry was done with disclosure or consent as required by the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* Plaintiffs further allege that Defendant violated BIPA's provisions requiring policies relating to retention and deletion of biometric information, as well as BIPA's provisions relating to data security, storage, and sharing of biometric information.

*Defendant's Position*: Prisma is a technology startup whose mission is to democratize access

JOINT CASE MANAGEMENT STATEMENT AND 26F REPORT

to photo and video editing software. As part of that mission, Prisma is the developer of the Lensa mobile application ("Lensa" or "the App"). Lensa gives users a professional photoshop in their pocket, enabling them to customize their photos in a wide range of ways, including retouching, blurring the background, cropping, and resizing. Other tools in the App allow users to change hair color or transform their pictures into a variety of artistic styles. In addition to photo editing, Lensa also allows users to express themselves via "magic avatars" which are new computer-generated portraits of users, based on the photos that users choose to upload, in a variety of art styles, including, for example, as pop art icons or Japanese animation characters.

*Prisma has never sold or otherwise monetized users' biometric data, personal information, or photographs.* In fact, Prisma collects as little personal data from users as possible and is wholly transparent about what information it does collect and how it uses it. As explained in the Lensa Privacy Policy ("PP"), the App does not have any access to the user's photos unless and until the user gives Lensa *affirmative* permission to access his or her camera or photos. *See* PP § 2. To further protect user privacy, most image processing happens directly *on the user's device* and the images are never shared with Prisma. *Id.* § 4. As disclosed in the PP, two kinds of processing ("art styles" and "magic avatars") are done on Prisma servers due to the amount of processing power required. *Id.* In those cases, all metadata is deleted upon upload, *id.* § 1, and the original photos are deleted from Prisma's servers after processing (within 24 hours). *Id.* § 4. Prisma does not use these photos to identify individuals, for marketing purposes, or to train artificial intelligence. *Id.* Preamble & § 4.

All five Plaintiffs admit that they "received the then-current Lensa Privacy Policy, and **agreed to the then-current Lensa Terms of Use**" when they began using the Lensa App. Indeed, during the relevant time period, it was impossible to use the App without receiving and affirmatively agreeing to the TOU and PP. The ways Prisma used the limited data it collected were at all times consistent with its Terms of Use ("TOU") and Privacy Policy. The Privacy Policy disclosed—under a large, bold, all caps heading "**HOW WE PROCESS YOUR PHOTOS AND VIDEOS**"—that the App would use "TrueDepth API technology" to "process[] your photos" and "provide us "information about such human faces' position, orientation and their topology." *Id.* § 4. The next two paragraphs make clear that

JOINT CASE MANAGEMENT STATEMENT AND 26F REPORT

1    "[w]e collect and store your Face Data for online processing function[s]." *Id.* "Face Data" explicitly

2    includes "information related to human faces obtained from your images … using TrueDepth API

3    technologies." *Id.* All of this makes sense because photo processing is the entire point of the Lensa App.

4              **Legal Issues**: The Parties believe that the following legal issues will be presented in this case:

5       1.   Whether Defendant Prisma's alleged conduct, if true, violates the Illinois Biometric Information

6            Privacy Act, 740 ILCS 14/15, *et seq.*;

7       2.   Whether the information at issue, if collected and processed as alleged, is subject to the Illinois

8            Biometric Information Privacy Act, 740 ILCS 14/15, *et seq.*;

9       3.   Whether Plaintiffs' agreement to the Lensa App's Terms of Use constitutes a binding agreement

10           to arbitrate subject to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*;

11      4.   Whether Plaintiffs' allegations and claims, if true, fall within the scope of the Parties' arbitration

12           agreement;

13      5.   Whether Defendant Prisma has been unjustly enriched;

14      6.   Whether Plaintiffs are entitled to injunctive relief;

15      7.   Whether class certification is appropriate under Rule 23 of the Federal Rules of Civil Procedure;

16      8.   Whether Plaintiffs consented to Defendant Prisma's conduct;

17      9.   Whether Plaintiffs have Article III standing;

18      10.  Whether Plaintiffs waived any of their claims;

19      11.  Whether Plaintiffs failed to mitigate damages;

20      12.  Whether Plaintiffs ratified Defendant Prisma's conduct;

21      13.  Whether Plaintiffs should be estopped from asserting their claims;

22      14.  Whether Plaintiffs' claims should be barred by the doctrine of laches;

23      15.  Whether Plaintiffs have failed to join necessary parties;

24      16.  Whether Plaintiffs waived their ability to pursue a class action by affirmatively agreeing to the

25           Lensa Terms of Use, which contain a class action waiver agreement;

26      17.  Whether Plaintiffs waived the ability to consolidate their claims; and

27      18.  Whether Plaintiffs' claims should be dismissed under Rule 12 of the Federal Rules of Civil

28

JOINT CASE MANAGEMENT STATEMENT AND 26F REPORT

1   Procedure.

2   **Motions**: On May 1, 2023, the Parties filed a joint stipulation regarding service and the deadline

3   for Prisma to make its initial response to the Complaint. ECF No. 13. The Court granted the motion and

4   entered a commensurate order setting June 21, 2023 as Prisma's deadline to answer the Complaint or

5   otherwise move.

6   On June 21, 2023, Defendant filed a Motion to Compel Arbitration. ECF No. 21. The motion is

7   pending. Plaintiffs' Opposition is due July 5, 2023 and Prisma's reply will be due 7 days after Plaintiffs'

8   Opposition.

9   In the event the Court does not compel arbitration, Defendant anticipates filing a Motion to

10  Dismiss and/or a Judgment on the Pleadings. If that motion is denied, Defendant anticipates filing a

11  motion for summary judgment. Plaintiffs intend to oppose such motions.

12  Plaintiffs intend to file a motion for class certification. Defendant maintains that this Case may

13  not be maintained as a consolidated or class action under the Parties' agreement as set forth in the Lensa

14  TOU.  Defendant also maintains that, independent of the Parties' agreement, this Case does not meet

15  the requirements for class certification under Federal Rule of Civil Procedure 23. In light of these issues,

16  Defendant may move to sever, move to strike Plaintiffs' class allegations, and/or oppose Plaintiffs'

17  motion for class certification.

18  The Parties reserve the right to file other motions, as appropriate.

19  **Amendment of Pleadings:**

20  *Plaintiffs' Position*: Given the anticipated factual complexity of the case, as well as the various

21  ways in which Defendant's conduct violates BIPA, Plaintiffs anticipate they will amend their

22  Complaint based on facts that come to light in the course of discovery. Accordingly, the deadline to

23  amend pleadings should coincide with the close of fact discovery.

24  *Defendant's Position*: Defendant does not anticipate a need to amend the pleadings. The

25  deadline to amend the Complaint should be 21 days after service of Defendant's Rule 12 motion or

26  Answer, as provided by Federal Rule of Civil Procedure 15(a).

27  **Evidence Preservation**: The Parties have reviewed the Guidelines Relating to the Discovery

28

JOINT CASE MANAGEMENT STATEMENT AND 26F REPORT

of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issue reasonably evident in this action.

**Disclosures**:

*Plaintiffs' Position*: Plaintiffs have proposed that Initial Disclosures be exchanged by July 28, 2023.

*Defendant's Position***:** Pursuant to Fed. 26(a)(1)(C), Defendant objects to exchanging initial disclosures until such time that discovery is appropriate, as doing so now—before the Court has even determined whether the Federal Arbitration Act forbids trying this Case in federal court at all—would be premature. Indeed, Defendant has already filed a Motion to Compel arbitration, which would eliminate the need for court-supervised discovery altogether. This motion is based on clear and controlling Supreme Court and Ninth Circuit precedent and the *explicit* arbitration agreement contained in the Lensa Terms of Use that Plaintiffs *affirmatively* consented to before even using the App. In addition, if the Court does not compel arbitration, Prisma will be filing a case dispositive Motion to Dismiss or Motion for Judgement on the Pleadings, which Defendant believes should result in the Action being dismissed in its entirety. Ordering initial disclosures before the Court rules on these motions is wholly premature. In the interest of efficiency and judicial economy, Defendant request that initial disclosures not be ordered until the Court hears Defendant's Motion to Compel Arbitration (and, if necessary, Motion to Dismiss).

**Discovery**: No discovery has been taken to date. The parties anticipate seeking discovery into the number of Illinois residents who have used the Lensa App, how many selfies have been uploaded by Illinois residents to the Lensa App, Defendant's storage of the images uploaded by Plaintiffs and class members, Defendant's processing of Plaintiffs' and class members' images to create "magic avatars," Defendant's policies and procedures governing data security, retention and deletion of Plaintiff's facial images, Defendant's disclosures to Plaintiffs and class members, the technology and software used to create "magic avatars" from Plaintiffs' and class members' facial images, Defendant's sharing of Plaintiffs' and class members' images, Plaintiffs' consent to the challenged

JOINT CASE MANAGEMENT STATEMENT AND 26F REPORT

conduct,, Plaintiffs' history of sharing or disseminating personal information including but not limited to biometrics, Plaintiffs' plans history of or failure to commercialize their biometrics, Plaintiffs' alleged harm from using the Lensa App, Plaintiffs history of or failure to mitigate any alleged harm, Plaintiffs continued use of the Lensa App and analogous products after learning of Prisma's alleged liability, Plaintiffs' alleged ratification of Prisma's conduct, Plaintiffs' waiver of claims, and revenue realized by Defendant due to its alleged collection, processing, storage, and sharing of Plaintiffs' and class members' images. The Parties have not at this time agreed to enter into a stipulated e-discovery order.

*Plaintiffs' Position*: Plaintiffs' proposed discovery plan is as follows:

| EVENT | DEADLINE |
|---|---|
| Initial Disclosures Due | 7/28/2023 |
| Fact Discovery Closure | 12/20/2023 |
| Expert Report Disclosure/Exchange | 2/20/2024 |
| Expert Discovery Closure | 4/20/2024 |

Plaintiffs do not at this time anticipate any proposed modifications of the discovery rules, and reserve their right to seek leave of Court to modify the discovery rules as necessary.

*Defendant's Position*:

Where, like here, Defendant has yet to answer the complaint and a potentially dispositive motion is pending (ECF No. 21), discovery of any kind is unwarranted at this stage. At a minimum, discovery should be postponed until after the Parties brief and the Court hears argument on Defendant's Motion to Compel Arbitration and, if necessary Motion to Dismiss.

In the unlikely event that the case proceeds to discovery, Defendant agrees with Plaintiffs that discovery should be consolidated, and specifically that Plaintiffs should serve consolidated discovery requests. As each Plaintiff seeks to represent the same purported class, Plaintiffs should not be allotted additional Interrogatories, Requests for Admission, or Depositions. For example, consistent with the federal rules, Plaintiffs should be allotted a total of 25 Interrogatories. The federal rules—as drafted—should apply, including the limit of ten depositions per side. Consistent with the Federal Rules, when the time is appropriate, should the case survive beyond Motion to Dismiss briefing, Defendant intends to propound written discovery and engage in depositions.

1    **Class Actions**:

2       *Plaintiffs' Position*: Plaintiffs intend to move for class certification as quickly as possible

3    depending on Defendant's expeditious production of the documents and data relating to the class and

4    certification issues. Plaintiffs intend to seek class certification pursuant to Fed. R. Civ. P. 23 (b)(2),

5    23(b)(3) and 23(c)(4) to the extent applicable. Counsel of record for the Parties have reviewed the

6    Procedural Guidance for Class Action Settlements.

7       *Defendants' Position*: Defendant will oppose class certification. In the Terms of Use, Plaintiffs

8    expressly agreed to "not consolidate more than one individual's claims[.]"

9       **Related Cases**: No other case has been formally related to this Action. There is another pending

10   putative class action in the Northern District of Illinois asserting BIPA claims against Prisma based on

11   the Lensa App's development and functionality. *See Brantley v. Prisma Labs, Inc.*, No. 1:23-cv-1566

12   (N.D. Ill.). The *Brantley* Plaintiff seeks to represent a class of "[a]ll individuals who reside or resided

13   in the State of Illinois whose Biometrics were or are contained in" a "Biometric Database" purportedly

14   developed or used by Defendant. This definition overlaps with, but is not identical to, Plaintiffs'

15   proposed class in this Case. Defendant denies, and intends to vigorously defend against, the allegations

16   in *Brantley*.

17      **Relief Sought**: Plaintiffs will seek class certification, an award of actual and/or statutory

18   liquidated damages, injunctive relief, attorneys' fees and costs, and such other and further relief the

19   Court deems proper. Defendant will seek an order awarding costs, including reasonable attorneys' fees,

20   as well as an order granting Defendant such other and further relief as the Court may deem just and

21   proper.

22      **Settlement and ADR**:

23      *Plaintiffs' Position:* Plaintiff does not believe settlement or ADR is appropriate at this time,

24   particularly in light of Defendant's anticipated motion to compel arbitration and stay proceedings.

25   Plaintiff will comply with ADR L.R. 3-5. Key discovery and motions necessary to position the Parties

26   to negotiate a resolution include: discovery regarding class members and Defendant's collection and

27   processing of Plaintiffs' and class members' biometric identifiers and biometric information;

28

JOINT CASE MANAGEMENT STATEMENT AND 26F REPORT

1  Defendant's motion to compel arbitration, Plaintiff's motion for class certification, anticipated

2  motions for summary judgment after the close of discovery.

3  *Defendant's Position*: Defendant asserts that ADR is not only appropriate but mandatory in the

4  form of binding arbitration, pursuant to the Parties' arbitration agreement. As explained in Prisma's

5  Motion to Compel Arbitration (ECF No. 21), the Parties' agreement specifies that "all disputes" shall

6  be resolved by arbitration and authorizes the arbitrator to decide jurisdictional and arbitrability

7  disputes, including disputes over the formation, existence, validity, interpretation or scope of the

8  arbitration agreement.

9  **Other References**: The Parties do not believe that this case is suitable for reference to binding

10  arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. As outlined in Prisma's

11  pending Motion to Compel Arbitration (ECF No. 21), Defendant contends the Parties jointly agreed to

12  arbitrate all disputes relating to the Lensa App. Prisma contends that agreement is binding and

13  enforceable, and Plaintiffs' claims fall squarely within it. Plaintiffs disagree with Defendant's

14  contentions as to arbitration and intend to oppose Defendant's Motion to Compel Arbitration.

15  **Narrowing of Issues**: At this time, the Parties have not agreed on any substantive issues that

16  can be resolved by stipulation. The Parties have identified the following issues as most consequential

17  to resolution of the case: (1) Whether Plaintiffs' claims are subject to mandatory arbitration; (2)

18  Whether Defendant collected Plaintiffs' and class members' biometric identifiers and biometric

19  information without proper disclosure and consent, (s) whether Plaintiffs' claims are suitable for class

20  certification.

21  **Expedited Trial Procedure**: The Parties do not believe that this case is suitable for the

22  Expedited Trial Procedure of General Order No. 64.

23  **Scheduling**:

24  *Plaintiffs' Position*:

25  Plaintiffs oppose Defendant's request to stay discovery pending the Court's ruling on

26  Defendant's pending Motion to Compel Arbitration and anticipated Motion to Dismiss and/or for

27  Judgment on the Pleadings. Plaintiffs propose the following schedule:

28

JOINT CASE MANAGEMENT STATEMENT AND 26F REPORT

| EVENT | DEADLINE |
|---|---|
| Initial Disclosures Due | 7/28/2023 |
| Fact Discovery Closure | 12/20/2023 |
| Expert Report Disclosure/Exchange | 2/20/2024 |
| Expert Discovery Closure | 4/20/2024 |
| Deadline to Amend Pleadings | 12/20/2023 |
| Deadline for hearing Summary Judgment motions | 8/20/2024 |
| Pretrial Conference | October, 2024 |
| Trial | November, 2024 |

*Defendant's Position*: Plaintiffs' proposed schedule is far too accelerated and ignores circumstances unique to this case, including the fact that the majority of Prisma's employees, including all top executives, are located overseas. Moreover, this case largely concerns the conduct of third parties, therefore necessitating third party discovery. Also, Plaintiffs' proposed schedule ignores Defendant's Motion to Compel Arbitration (ECF No. 21).

Taking all this into consideration, Prisma proposes the following schedule:

| EVENT | DEADLINE |
|---|---|
| Motion to Dismiss and/or Strike Class Allegations | Forty-five (45) days after the Court rules on Defendant's Motion to Compel Arbitration. |
| Initial Disclosures | Two (2) weeks after Court rules on Motion to Dismiss and/or Strike Class Allegations. |
| Fact Discovery to Commence | Two (2) weeks exchange of Initial Disclosures. |
| Close of Fact Discovery and Deadline to Amend Pleadings | Eleven (11) months after Fact Discovery commences. |
| Plaintiffs to Disclose Experts | Two (2) months after Close of Fact Discovery |
| Plaintiffs to Produce Expert Reports | Two (2) months after Plaintiffs Disclose Experts. |
| Defendant to Disclosure Rebuttal Experts | One (1) month after Plaintiffs Produce Expert Reports. |
| Defendant to Produce Rebuttal Reports | Two (2) months after Defendant Discloses Rebuttal Experts. |
| Close of Expert Discovery | Two (2) months after Defendant produces Rebuttal Reports. |
| Motion for Class Certification | Two (2) weeks after Close of Expert Discovery. |
| Daubert Motions to be Filed | Two (2) months after ruling on Class Certification. |
| Summary Judgment Motions | Two (2) months after ruling on Daubert Motions. |
| Motions in Limine to be Filed | Two (2) months after Court's ruling on Summary Judgment. |
| Pretrial Conference | TBD |
| Trial | TBD |

**Trial**: Should there be a jury trial, the Parties anticipate a trial length of -10-14 days.

*Plaintiffs' Statement*: Plaintiffs have demanded a jury trial.

9

JOINT CASE MANAGEMENT STATEMENT AND 26F REPORT

1    *Defendant's Statement*: Prisma's Terms of Use, which Plaintiffs' Complaint acknowledges

2   Plaintiffs consented to, states "you and the Company waive your rights to a jury trial" and "all

3   disputes arising out of or relating to these Terms or Prisma Web Services will be resolved through

4   confidential binding arbitration[.]" As such, Prisma will be opposing Plaintiffs' demand for a jury

5   trial.

6        **Disclosure of Non-party Interested Entities or Persons**: The Parties have filed the requisite

7   "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

8        **Professional Conduct**: All attorneys of record have reviewed the Guidelines for Professional

9   Conduct for the Northern District of California.

10

11

12   Dated:  June 23, 2023                        Respectfully submitted,
                                                 By:  __/s/ Brenda R. Sharton__
13                                               Brenda R. Sharton (admitted *pro hac vice*)
                                                 **DECHERT LLP**
14                                               One International Place,
                                                 100 Oliver Street, 40th Floor
15                                               Boston, MA 2110-2605
                                                 Telephone: (617) 728-7113
16                                               Facsimile: (617) 275-8374
                                                 Email: brenda.sharton@dechert.com
17

18                                               Benjamin M. Sadun (SBN 287533)
                                                 **DECHERT LLP**
19                                               633 W. 5th Street, Suite 4900
                                                 Los Angeles, CA 90071
20                                               Telephone: (213) 808-5700
                                                 Facsimile: (213) 808-5760
21                                               Email:  benjamin.sadun@dechert.com

22
                                                 *Attorneys for Defendant Prisma Labs, Inc.*
23

24                                               By:  __/s/ Thomas H. Hanson__
                                                 Thomas M. Hanson (SBN 184465)
25                                               Mike Kanovitz*
                                                 Jon Loevy*
26                                               Jordan Poole*
                                                 **LOEVY & LOEVY**
27                                               311 N. Aberdeen, 3rd Floor

28

                                            10
─────────────────────────────────────────────────────────
JOINT CASE MANAGEMENT STATEMENT AND 26F REPORT

Chicago, Illinois 60607
(312) 243-5900 (phone)
(312) 243-5902 (fax)
hanson@loevy.com
mike@loevy.com
jon@loevy.com
poole@loevy.com

*Pro hac vice* application forthcoming

*Attorneys for Plaintiffs*

11

**L.R. 5-1 ATTESTATION OF CONCURRENCE**

I, Brenda R. Sharton, pursuant to Civil L.R. 5.1(h)(3), hereby attest that concurrence in the

filing of the document has been obtained from each of the other signatories.

Dated:  June 23, 2023                                    By:  __/s/ *Brenda R. Sharton*
                                                        Brenda R. Sharton (admitted *pro hac vice*)
                                                        **DECHERT LLP**
                                                        One International Place,
                                                        100 Oliver Street, 40th Floor
                                                        Boston, MA 2110-2605
                                                        Telephone: (617) 728-7113
                                                        Facsimile: (617) 275-8374
                                                        Email: brenda.sharton@dechert.com

                                                        Benjamin M. Sadun (SBN 287533)
                                                        **DECHERT LLP**
                                                        633 W. 5th Street, Suite 4900
                                                        Los Angeles, CA 90071
                                                        Telephone: (213) 808-5700
                                                        Facsimile: (213) 808-5760
                                                        Email:  benjamin.sadun@dechert.com

                                                        *Attorneys for Defendant Prisma Labs, Inc.*

JOINT CASE MANAGEMENT STATEMENT AND 26F REPORT