Thomas M. Hanson, State Bar No. 184465
hanson@loevy.com
Mike Kanovitz, *pro hac vice* application forthcoming
mike@loevy.com
Jordan Poole, *pro hac vice* application forthcoming
poole@loevy.com
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 (phone)
(312) 243-5902 (fax)

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK FLORA, ERIC MATSON, NATHAN STONER, COURTNEY OWENS, and D.J., A MINOR CHILD, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>PRISMA LABS, INC.,<br><br>Defendant. | Case No. 3:23-cv-00680-CRB<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>COMPLAINT FILED: 2/15/2023<br><br>Date: July 28, 2023<br>Time: 10:00 A.M.<br>Dept: Courtroom 6 – 17th Floor<br>Judge: Hon. Charles R. Breyer |

## SUMMARY OF ARGUMENT

This matter is not subject to arbitration because there is no meeting of the minds. Defendant's motion is based entirely on its Terms of Use, an adhesion contract to which Plaintiffs (like all Lensa users) were forced to agree in order to use the Lensa app. Adhesion contracts for arbitration are enforceable under some circumstances, but this is not one of them.

Defendant's adhesion contract is internally inconsistent. It mandates arbitration with Judicial Arbitration and Mediation Services (JAMS) pursuant to the JAMS Streamlined Arbitration Rules and Procedures (SARP) but simultaneously requires a number of (anti-consumer) arbitration provisions that violate JAMS rules.

In particular, JAMS expressly states in its "Consumer Arbitration Minimum Standards" that it will administer a consumer arbitration "only if the contract arbitration clause and specified applicable rules comply with the … minimum standard of fairness." Defendant's Terms of Use do not satisfy JAMS "minimum standard of fairness" in multiple ways. First, the JAMS minimum standards provide that "the consumer must have the right to an in-person hearing in his or her hometown area." Defendant's Terms of Use, by contrast, mandate that all disputes are to be resolved by arbitration "held in Santa Clara County, California." In addition to violating the JAMS rules, this provision discourages the users from invoking their rights by making it overly burdensome to do so.

Likewise, the JAMS minimum standards for consumers arbitrations state that the only fee a consumer may be required to pay is $250, "[a]ll other costs must be borne by the company, including any remaining JAMS Case Management Fee **and all professional fees for the arbitrator's services.**" Defendant's contract of adhesion, however, specifies that users must submit to the JAMS SARP, which provide that consumer is obligated to pay the arbitrator's fee in addition to bearing the $250 filing

LOEVY & LOEVY
Attorneys at Law

fee, adding a cost which can easily exceed $10,000. In other words, if a Lensa user were to invoke arbitration, they would risk subjecting themselves to thousands of dollars in fees and are therefore improperly discouraged from pursuing an action.

Accordingly, the arbitration provision Defendant imposed is a legal nullity – it requires users to submit to arbitration in violation the rules of the very arbitral forum Defendant unilaterally selected. An agreement to violate arbitral rules, in particular a contract of adhesion requiring one side to do so, lacks a meeting of the minds and cannot be enforced. In the same vein, Defendant has improperly attempted to discourage users from seeking a remedy by unilaterally imposing requirements that violate the JAMS minimum standards of fairness. Even if there were a meeting of the minds to arbitrate in violation of the rules, which there is not, the contract of adhesion should be unenforceable as a matter of public policy for intimidating users by violating standards of fairness.

Defendant's motion also fails because the arbitration provision is unconscionable. Under California law, arbitration provisions included in adhesion contracts are unenforceable where the terms of the arbitration provision significantly tilt the playing field against the consumer. Not surprisingly, the absence of terms mandated by the JAMS minimum standards of fairness also mean that the cost and burden to Lensa users seeking to enforce their privacy rights in arbitration would be overwhelmingly burdensome, specifically by being forced to arbitrate hundreds or thousands of miles from their homes and also by being subject to potentially ruinous arbitrator's fees should they invoke dispute resolution. Moreover, Defendant's arbitration clause contains no provision for discovery save for the incorporation of the JAMS rules, which provide only for "voluntary and informal" exchange of information, with no provision for taking depositions, propounding interrogatories or request to admit, or exchanging expert reports. In a highly technical case involving biometrics,

artificial intelligence, and privacy rights, a plaintiff could not hope to obtain the proof needed to establish a claim for violation of the Illinois Biometric Information Privacy Act through such a limited process.

For each of these reasons, and those set forth more fully below, Plaintiffs respectfully submit that Defendant's motion be denied.

## ARGUMENT AND AUTHORITIES

### A. Legal Standard

It is well-settled that "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commations Workers of Am.*, 475 U.S. 643, 648 (1986) (internal quotation marks omitted). "In determining whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *McFaddin v. E.A. Renfroe & Co., Inc.*, No. ED-CV-1402369-VAP-SPX, 2015 WL 13774236, at *4 (C.D. Cal. Feb. 10, 2015) (quoting *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) and *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). The Court applies the law of the forum state -- here, California -- when making choice of law determinations. *Id.*; *see also See ABF Capital Corp. v. Grove Props. Co.*, 126 Cal. App. 4th 204, 215 (2005) (quoting *Wash. Mut. Bank v. Superior Court*, 24 Cal. 4th 906, 919-20 (2001)).

### B. By its own Terms, Defendants' Arbitration Provision Shows There was no Meeting of the Minds to Arbitrate

"To form a contract, a manifestation of mutual assent is necessary." *Binder v. Aetna Life Ins. Co.*, 75 Cal. App. 4th 832, 850 (1999). Here, the only agreement established by Defendant was that "all disputes arising out of or relating to these Terms or Prisma will be resolved through confidential binding arbitration held in Santa Clara County, California in accordance with the Streamlined Arbitration Rules and

Procedures ("**Rules**") of the Judicial Arbitration and Mediation Services ("**JAMS**"), which are available on the JAMS website and hereby incorporated by reference." (*See* Dkt. 21 at 5 (emphasis in original)). There is no other provision in Defendant's Terms of Use that specify an alternative forum that will hear a consumer dispute pursuant to the requirements that Defendant itself specified (likely there are none).

And the JAMS rules in effect as of the date that Defendant claims the contract was formed, state that JAMS will not administer an arbitration based on the arbitration provision Defendant specified. In particular, the JAMS "Consumer Arbitration Minimum Standards" (the "Consumer Fairness Standards") provides, "JAMS will administer arbitrations pursuant to mandatory pre-dispute arbitration clauses between companies and consumers *only if* the contract arbitration clause and specified applicable rules comply with the following minimum standards of fairness."[1] (emphasis added.) Pertinent here, the Consumer Fairness Standards specify the following minima:

> 5.    The consumer must have a right to an in-person hearing in his or her hometown area.
>
> \*\*\*
>
> 7.    With respect to the cost of the arbitration, when a consumer initiates arbitration against the company, the only fee required to be paid by the consumer is $250, which is approximately equivalent to current Court filing fees. All other costs must be borne by the company, including any remaining JAMS Case Management Fee **and all professional fees for the arbitrator's services.**[2]

Defendant's arbitration provision does not meet these "minimum" Consumer Fairness Standards.

First, Defendant's arbitration provision mandates one location and one location only: Defendant's hometown of Santa Clara County, California. By contrast, Plaintiffs

---

[1] JAMS Consumer Arbitration Minimum Standards, available at https://www.jamsadr.com/consumer-minimum-standards/. Notably, the JAMS consumer arbitration standards are not new; the current version has been in effect since July 15, 2009.
[2] *Id.*

(and each person in the putative class) are Illinois residents, meaning they must travel across country to enforce their rights. JAMS's published rules state that it will not hear a dispute where the arbitration agreement imposes such a requirement. The parties cannot have agreed to an arbitration before JAMS that JAMS will not hear. There is no meeting of the minds and so arbitration must be denied.

And that is not the only reason that the arbitration clause fails. Defendant's provision also imposes a massive cost that discourages consumers from invoking their rights; specifically, shared liability to pay potentially tens of thousands of dollars in arbitrator fees. JAMS will not hear an arbitration that imposes this requirement either, so there is no meeting of the minds for this independent reason as well.

As noted above, the arbitration provision expressly requires the consumer to submit to the JAMS SARP. Those rules provide in plain terms that the parties are jointly and severally liable for arbitrator compensation and expenses:

> The Parties are jointly and severally liable for the payment of JAMS Arbitration fees and Arbitrator compensation and expenses. In the event that one Party has paid more than its share of such fees, compensation and expenses, the Arbitrator may Award against any Party any such fees, compensation and expenses that such Party owes with respect to the Arbitration.

Rule 26(c), JAMS SARP (emphasis added), available at https://www.jamsadr.com/rules-streamlined-arbitration/.[3] By incorporating the JAMS streamlined rules, Defendant puts the consumer in jeopardy of joint and several liability for the arbitrator's compensation and expenses.

---

[3] Despite incorporating the fee provisions of the SARP, Defendant separately states that it will pay the JAMS fees and costs. (Dkt. 21-2, Lensa Terms of Use, at 15) ("You and the Company agree that for any arbitration you initiate, you will pay the filing fee and the Company will pay the remaining JAMS fees and costs."). However, JAMS's fees and costs are separate from the Arbitrator compensation and expenses (and which are generally far greater than the JAMS fees and costs). See SARP Rule 26(c) ("The Parties are jointly and severally liable for the payment of **JAMS Arbitration fees and Arbitrator compensation and expenses**."). Thus, Defendant's provision still leaves the consumer at risk of compensation and expenses that make the case not arbitrable by JAMS (and which unfairly discourages consumers from enforcing their claims).

While there may be some other arbitration outfit that is willing to hear arbitrations under terms that are onerous to consumers, the Court cannot compel arbitration before such a forum without rewriting the contract, something a court may not do. *See Macias v. Excel Bldg. Svcs., LLC*, 767 F. Supp. 2d 1002, 1012 (N.D. Cal. 2013) (courts are not permitted to rewrite arbitration agreements); *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1075, 130 Cal.Rptr.2d 892 (2003) (same). Likewise, the Court cannot rewrite Defendant's arbitration provision to strike the offensive provisions, nor to impose the minimum consumer fairness requirements that Defendant left out. *Id*.

### C. The Arbitration Provision is Unenforceable Because it is Unconscionable

Defendant's motion should be denied on the separate and independent grounds of unconscionability. "An agreement to submit disputes to arbitration 'is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract." *OTO, L.L.C. v. Kho,* 8 Cal.5th 111, 125, 251 Cal.Rptr.3d 714, 447 P.3d 680 (2019); *accord, Alvarez v. Altamed Health Services Corp.*, 60 Cal.App.5th 572, 580, 274 Cal.Rptr.3d 802 (2021). "[G]enerally applicable contract defenses, such as ... unconscionability, may be applied to invalidate arbitration agreements without contravening the FAA or California law." *OTO*, 8 Cal.5th at 125; *accord, Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* 55 Cal.4th 223, 246, 145 Cal.Rptr.3d 514, 282 P.3d 1217 (2012).

"A contract is unconscionable if one of the parties lacked a meaningful choice in deciding whether to agree and the contract contains terms that are unreasonably favorable to the other party. Under this standard, the unconscionability doctrine 'has both a procedural and a substantive element. The procedural element addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power. Substantive unconscionability pertains to the fairness

of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided.'" *OTO*, 8 Cal.5th at 125 (internal quotations omitted). While both "procedural and substantive unconscionability must be shown for the defense to be established, 'they need not be present in the same degree.' Instead, they are evaluated on 'a sliding scale.' '[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to' conclude that the term is unenforceable." *Id.* at 125-126 (internal quotations and citations omitted).

Here, there can be no argument but that the arbitration provision is a contract of adhesion and that Plaintiffs and the putative class members had no ability to negotiate its terms; as Defendant acknowledges in its motion, "it is impossible to even open the App without receiving and agreeing to the TOU." (Dkt. 21 at 3.) Moreover, Defendant's express reference to JAMS streamlined rules dictates that a user will be saddled with half of the arbitrator's compensation and expenses, a sum which can quickly dwarf the available damages under Illinois's BIPA law, even if the separate JAMS fees are excluded. See SARP Rule 26(c). The only way for a user to challenge this unfair and improper imposition would be to file the arbitration and subject themselves to the risk of the ruinous Arbitrator's compensation and expenses. California has long recognized that requiring consumers to subject themselves to the oppressive terms in order to challenge the oppressive terms is procedurally unconscionable. *See, e.g., Murrey v. Superior Court*, 87 Cal. App. 5th 1223, 1245-46 (2023) (citing *Harper v. Ultimo*, 113 Cal. App. 4th 1402, 1406, 7 Cal. Rptr. 3d 418 (2003)

Likewise, Defendant's use of an arbitration provision that fails to adhere to the JAMS *minimum* Consumer Fairness Standards, establishes substantive unconscionability. It is well-settled that an arbitration provision which imposes a significant burden or costs on a consumer is substantively unconscionable. Here, Defendant imposed several offensive provisions, any one of which makes the

arbitration clause unconscionable and unenforcable.

 First, it is unreasonable to force consumers to arbitrate thousands of miles from home. "State and federal courts in California have found arbitration clauses that require parties to travel across the country to arbitrate their claims unconscionable." *McFaddin*, 2015 WL 13774236 at * 4 (C.D. Cal. Feb. 10, 2015). An arbitration clause may be unconscionable "if the place or manner in which arbitration is to occur is unreasonable taking into account the respective circumstances of the parties." *Bolter v. Superior Court*, 87 Cal. App. 4th 900, 908, 104 Cal.Rptr.2d 888 (2001). *See also Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1289 (9th Cir. 2006) (finding arbitration clause that "would require a one-woman franchisee who operates from her home to fly across the country [to Boston] to arbitrate a contract signed and performed in California" unconscionable); *Comb v. PayPal, Inc.*, 218 F. Supp. 2d 1165, 1177 (N.D. Cal. 2002) ("Limiting venue to PayPal's backyard appears to be yet one more means by which the arbitration clause serves to shield Pay–Pal from liability instead of providing a neutral forum in which to arbitrate disputes."); *Bolter*, 87 Cal. App. 4th at 908 (finding forum selection provision in arbitration clause requiring arbitration in Utah unconscionable and noting that "[b]ecause Dry–Chem franchises are by nature small businesses, it is simply not a reasonable or affordable option for franchisees to abandon their offices [in California] for any length of time to litigate a dispute several thousand miles away").

 Second, Defendant required that Plaintiffs share joint and several liability for the arbitrator's compensation and expenses. In other words, any plaintiff who brings an arbitration against Prisma risks paying *all* of the arbitrator's costs and expenses. Defendant's gambit is that consumers will be dissuaded from enforcing their claims. The provision renders any arbitration agreement unenforceable. *See, e.g.*, *Aremendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83, 102, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000) (arbitration agreement is lawful only if it does not require plaintiffs

"to pay either unreasonable costs or any arbitrator fees or expenses"); *see also Mills v. Facility Sols. Grp., Inc.*, 84 Cal. App. 5th 1035, 1049–68, 300 Cal. Rptr. 3d 833, 843–60 (2022) (finding requirement that plaintiff pay for appeal and various arbitrator fees substantively unconscionable).

Finally, and equally problematic, is the limitation on discovery imposed by Defendant's arbitration provision. By mandating the JAMS streamlined rules, the arbitration provision cabins discovery to what Defendant voluntarily chooses to provide. SARP Rule 13(a) (providing for only the "voluntary and informal exchange of all non-privileged documents and information (including electronically stored information ('ESI')) relevant to the dispute or claim.")[4] There is no ability to compel evidence that Defendant does not wish to reveal: no interrogatories, no requests to admit, no expert disclosures, no depositions. The recent *Mills* case is instructive on this point. In that case the arbitration provision actually permitted more discovery than Defendant's arbitration provision allows in that it expressly permitted depositions, expert designations, and the ability to issue subpoenas. Additional discovery, however, was at the discretion of the arbitrator. Citing *Armendariz* and *Davis v. Kozak*, 53 Cal. App. 5th 897 (2020), the court held that such limited discovery effectively "frustrated the [plaintiff's] statutory rights." 84 Cal. App. 5th at 1059-60. So too, here.

Accordingly, Defendant's unilaterally drafted and imposed arbitration agreement is thrice unconscionable. It cannot be enforced consistent with California law and thus federal standards.

## CONCLUSION

For each of the foregoing reasons, Plaintiffs, on behalf of themselves and the putative class, respectfully request that the Court deny Defendant's motion and award Plaintiffs such other and further relief as the Court deems just and proper.

---

[4] Rule 13(a), JAMS Streamlined Arbitration Rules & Procedures, available at https://www.jamsadr.com/rules-streamlined-arbitration/.

Dated: July 5, 2023

                                              Respectfully submitted,

                                              /s/ Thomas M. Hanson
                                              *One of Plaintiff's Attorneys*

Thomas M. Hanson (hanson@loevy.com)
Mike Kanovitz (mike@loevy.com)*
Jon Loevy (jon@loevy.com)*
Jordan Poole (poole@loevy.com)*
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 (phone)
(312) 243-5902 (fax)
*Counsel for Plaintiff*

* *Pro hac vice* application forthcoming